# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
09/03/2025
CT Log Number 550018476

## Service of Process Transmittal Summary

**TO:**      Legal Dept.
Metropolis
200 E RANDOLPH ST STE 7700
CHICAGO, IL 60601-7702

**RE:**      **Process Served in Tennessee**

**FOR:**     METROPOLIS TENNESSEE, LLC  (Domestic State: TN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHIRLEY CATHERINE BLASS vs. METROPOLIS TENNESSEE LLC |
| **CASE #:** | 2025136200SP25 |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/03/2025 at 13:35 |
| **JURISDICTION SERVED:** | Tennessee |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Legal Dept.  legal@metropolis.io |
| | Email Notification,  Mary Lacroix  mlacroix@spplus.com |
| | Email Notification,  Lexi Vetsch  lvetsch@spplus.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 300 Montvue RD |
| | Knoxville, TN 37919 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Sep 3, 2025
**Server Name:**                   Joseph Jackson

| Entity Served | METROPOLIS TENNESSEE, LLC |
|---|---|
| Case Number | 2025-136200-SP-25 |
| Jurisdiction | TN |

| Inserts | | |
|---|---|---|
| | | |



Filing # 230143623 E-Filed 08/25/2025 01:23:45 PM

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DEPARTMENT | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICT COURTS<br>☐ OTHER | **SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE DISTRICT COURT**<br>(File in Quadruplicate) | 2025-136200-SP-25<br><br>**SECTION NO.** |
| **PLAINTIFF(S)**<br><br>Shirley Catherine Blass | **VS.  DEFENDANT(S)**<br><br>Metropolis Tennessee LLC<br>d/b/a MetropolisTechnologies<br>Inc | **CLOCK IN** |

DEFENDANT(S) TO BE SERVED AT:

Metropolis Tennessee LLC d/b/a Metropolis Technologies Inc

c/o CT Corporation System

300 Montvue Road, Knoxville, TN 37919-5546

STATE OF FLORIDA

NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED to appear in person or by attorney at the location indicated below:

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

☒ DADE COUNTY  COURTHOUSE CENTRAL COURT    ☐ NORTH DADE JUSTICE CENTER    ☐ HIALEAH DISTRICT COURT

☐ CORAL GABLES DISTRICT COURT        ☐ SOUTH DADE JUSTICE CENTER    ☐

☐ JOSEPH CALEB CENTER COURT

**(Addresses for court locations are printed on the back of this form)**

on _____September 24_____,20 25 , _____10:30 A_____. M., in courtroom _____6-4_____ before a Judge of this Court. Section # _____.

**IMPORTANT – READ CAREFULLY**

**THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.**

**DO NOT BRING WITNESS(ES). YOU MUST APPEAR IN PERSON OR BY ATTORNEY. YOU MUST CONFIRM VIA A JUDGE'S ORDER AN APPROVAL TO APPEAR REMOTELY VIA ZOOM. WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, DISMISSAL.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of the parties or their attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by any officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

**MEDIATION**

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

CLK/CT. 423 Rev. 04/25                    IMPORTANT-SEE REVERSE            Clerk's web address: www.miamidadeclerk.gov

Joseph Jackson
6905
2025/09/03 13:35

In mediation, decision making rests with the parties. Negotiations in court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit to the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may approve a payment plan and may withhold judgment or executions or levy.

**RIGHT TO VENUE.** THE LAW GIVES THE PERSON OR COMPANY WHO HAS SUED YOU THE RIGHT TO FILE IN ANY ONE OF SEVERAL PLACES AS LISTED BELOW. HOWEVER, IF YOU HAVE BEEN SUED IN ANY PLACE OTHER THAN ONE OF THESE PLACES, YOU, AS THE DEFEDANT(S), HAVE THE RIGHT TO REQUEST THAT THE CASE BE MOVED TO A PROPER LOCATION OR VENUE. A PROPER LOCATION OR VENUE MAY BE ONE OF THE FOLLOWING:

1. WHERE THE CONTRACT WAS ENTERED INTO;

2. IF THE SUIT IS ON UNSECURED PROMISSORY NOTE, WHERE THE NOTE WAS SIGNED OR WHERE THE MAKER RESIDES

3. IF THE SUIT IS TO RECOVER PROPERTY OR TO FORECLOSE A LEIN, WHERE THE PROPERTY IS LOCATED;

4. WHERE THE EVENT GIVING RISE TO THE SUIT OCCURRED;

5. WHERE ANY ONE OR MORE OF THE DEFENDANTS SUED RESIDE;

6. ANY LOCATION AGREED TO IN A CONTRACT.

7. IN ANY ACTION FOR MONEY DUE, IF THERE IS NO AGREEMENT AS TO WHERE SUIT MAY BE FILED, WHERE PAYMENT IS TO BE MADE.

If you, as the defendant(s) believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on our court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff('s)(s') attorney, if any

**A COPY OF THE STATEMENT OF CLAIM SHALL BE SERVED WITH THIS SUMMONS**

### MIAMI-DADE COUNTY DISTRICT COURT FACILITIES

| | | |
|---|---|---|
| Dade County Courthouse Central Court (05)<br>73 W. Flagler Street<br>Room 137<br>Miami, Florida 33130 | North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>Miami, Florida 33160 | Hialeah District Court (21)<br>11 East 6th Street<br>Hialeah, Fl 33010 | Coral Gables District (25)<br>3100 Ponce De Leon Blvd.<br>Coral Gables, Florida 33134 |
| Joseph Caleb Center Court (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, Florida 33142 | South Dade Justice Center (26)<br>Room 1200<br>10710 S.W. 211 Street<br>Cutler Ridge, Florida 33189 | | |

FILED BY: Victor Zabaleta, Esq.

ADDRESS: 110 SE 6th St, 17th Fl,

Ft Lauderdale, FL 33301

PHONE: 561-866-3584

COPY: ☐ MAILED          ☐ HAND-DELIVERED

TO:   ☐ PLAINTIFF   ☐ ATTORNEY

SERVED BY: ☐ MAIL      ☐ SHERIFF

☐ PROCESS SERVER

**JUAN FERNANDEZ-BARQUIN**
**CLERK OF THE COURT AND COMPTROLLER**
**OF MIAMI-DADE COUNTY**
**CIRCUIT AND COUNTY COURTS**

BY: _____ 31375

DEPUTY CLERK

DATE

8/28/2025

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Shirley Catherine Blass</u>
Plaintiff                                               Case # _____
                                                          Judge  _____

vs.
<u>Metropolis Tennessee LLC</u>
 Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☒  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☒ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Victor Zabaleta         Fla. Bar # 118517
       Attorney or party                (Bar # if attorney)

Victor Zabaleta            08/20/2025
 (type or print name)          Date

### IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**Case No.**

**SHIRLEY CATHERINE BLASS,**

Plaintiff,

v.

                                                       **JURY TRIAL DEMANDED**

**METROPOLIS TENNESSEE LLC D/B/A**
**METROPOLIS TECHNOLOGIES INC,**

                                                    **INJUNCTIVE RELIEF SOUGHT**

Defendant.

_____/

### STATEMENT OF CLAIM

Plaintiff Shirley Catherine Blass ("Plaintiff") sues Metropolis Tennessee LLC d/b/a Metropolis Technologies Inc ("Defendant") for violations of the federal Drivers Privacy Protection Act ("DPPA") and the federal Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.      This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Miami-Dade County, Florida.

3.      The amount in controversy is greater than $2,500, but does not exceed $8,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.      Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Miami-Dade County Florida.

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

6.      Defendant is a limited liability company, with its principal place of business located in Nashville, Tenneessee.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      MWC GARAGE H, LLC ("Property Owner") is the owner of real property located at 644 NE 2nd Avenue, Miami, Florida 33132, of which holds itself out to the general public as a parking lot.

9.      On a date better known by Property Owner and Defendant, Property Owner hired and/or contracted with Defendant to collect, or attempt to collect, funds from individuals that allegedly owe money to Property Owner for the use of the parking lot.

10.      On behalf of Property Owner and in connection with the parking lot, Defendant collects funds from individuals and transmits all or a portion of said funds to Property Owner.

11.      Money owed to Property Owner, if any, for an individual's use of the parking lot is due no later than immediately prior the individual exiting the parking lot in the vehicle the individual parked in the parking lot.

12.      The individual that parks a vehicle in the parking lot is debtor of any debt allegedly owed to Property Owner, if any, in connection with the parking lot.

13.      Money owed to Property Owner, if any, is past due and/or otherwise in default, after an individual exits the parking lot in a vehicle that utilizes the parking lot without paying.

14.     Once money allegedly owed to Property Owner is past due and/or otherwise in default, Property Owner imposes punitive fees and charges on the individual, which can be more than twenty (20) times the amount payable by the individual prior default.

15.     On behalf of Property Owner, Defendant collects the license plate information of vehicles being driven by individuals that allegedly owe money to Property Owner.

16.     Defendant submits request to the Florida Department of Transportation ("FDOT") using the license plate information of vehicles driven by individuals that allegedly owe money to Property Owner.

17.     By and through requests to FDOT, Defendant obtains access to the personal information and/or highly restricted personal information of the owner of the vehicle driven by the individual that allegedly owes money to Property Owner.

18.     Plaintiff is the registered owner of a vehicle bearing the license plate number NVSB80 (the "Vehicle").

19.     On or about May-2025, Plaintiff received a letter from Defendant on behalf of Property Owner (the "Collection Letter"). Attached as Exhibit A is a copy of Collection Letter.

20.     The Collection Letter demands $52.32 from Plaintiff because the Vehicle allegedly entered the parking lot on May 12, 2025, at 10:34 PM and exited the parking lot on May 12, 2025, at 11:17 PM without paying.

21.     In the Collection Letter, Defendant provides pictures of the Vehicle's license plates, as well as lists the Vehicle's license plate number, the date of the notice, the state associated with the Vehicle, the alleged time and date the Vehicle entered the parking lot, and the alleged time and date the Vehicle exited the parking lot.

22.     Plaintiff is the alleged debtor of the money demanded by Defendant in the Collection Letter.

23.     At the time Defendant submitted an unauthorized request to FDOT and obtained access to Plaintiff's personal information and/or highly restricted personal information, Defendant had no way of knowing whether Plaintiff had even used the parking lot because, even if a vehicle registered to Plaintiff had used the garage, Defendant had no way of knowing whether Plaintiff had operated the Vehicle or whether it had been operated by another.

24.     Because Defendant has no way of knowing the identity of the actual operators of the vehicles using the parking lot, Defendant's submission of unauthorized requests to FDOT to improperly obtain access the personal information and/or highly restricted personal information of the registered owners of such vehicles is extremely reckless and in disregard of the rights of such registered owners.

25.     Defendant's purpose in obtaining Plaintiff's personal information and/or highly restricted personal information from FDOT was to directly solicit Plaintiff for payment of debt sought in the Collection Letter.

26.     As of the date and time Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Plaintiff had not provided written consent to Defendant for it to do so.

27.     Without Plaintiff's written consent, Defendant cannot qualify for an exception to the DPPA's prohibition against invading Plaintiff's privacy rights in covered records that is applicable where such records may be released "[f]or use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains." *See* 18 U.S.C.A. § 2721(b)(13).

28.     As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Defendant's purpose in obtaining Plaintiff's personal information and/or highly restricted personal information was so that Defendant could send a false, misleading, inflated and/or unreasonable demand for payment to Plaintiff with respect to the alleged use of the parking lot by an unknown person operating a motor vehicle registered to Plaintiff. This purpose is not one that is permissible under the DPPA, 18 U.S.C § 2721.

29.     As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Defendant's purpose in obtaining Plaintiff's personal information and/or highly restricted personal information was not "[f]or use in providing notice to the owners of towed or impounded vehicles." *See* 18 U.S.C. § 2721(b)(7).

30.     As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Plaintiff's vehicle was not towed or impounded.

31.     As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, there was no civil, criminal, administrative, or arbitral proceeding between Plaintiff, and Defendant, and/or Property Owner.

32.     Defendant's intended use and purpose in obtaining Plaintiff's personal information and/or highly restricted personal information was not "in connection with any civil, criminal, administrative, or arbitral proceeding." *See* 18 U.S.C. § 2721(b)(4).

CMA   Document 1-2   Entered on FLSD Docket 09/23/2025   Page 14 of 22
Case 1:25-cv-24377-CMA   Document 1-2   Entered on FLSD Docket 09/23/2025   Page 14 of 22

33.     As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Plaintiff had not threatened Defendant or Property Owner with any civil, criminal, administrative, or arbitral proceeding.

34.     As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Defendant had not initiated any civil, criminal, administrative or arbitral proceeding against any person alleged to have used the parking lot.

35.     As of the date and time that Defendant submitted a request to FDOT for Plaintiff's personal information and/or highly restricted personal information, Defendant's efforts to obtain payment from persons, like Plaintiff, who were alleged to have used the parking lot was limited to sending bills to such persons and then referring the matter to another debt collector if not paid.

36.     Defendant's intended use and purpose in obtaining Plaintiff's personal information and/or highly restricted personal information was not one of the permissible intended uses or purposes under the DPPA, 18 U.S.C § 2721.

37.     Because Defendant's intended use of Plaintiff's personal information and/or highly restricted personal information was not permissible under the DPPA, 18 U.S.C § 2721, Defendant violated Plaintiff's privacy rights under the DPPA, 18 U.S.C § 2721, by scanning the Vehicle's license plate and using the collected information to obtain his personal information and/or highly restricted personal information from the motor vehicle records maintained by the State of Florida and dunning him by and through the Collection Letter.

38.     Defendant's acts as described above were undertaken on behalf of, with the express authority and within the scope of such express authority, with the actual knowledge of and for Property Owner.

Page **6** of **12**

39.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

40.     Defendant is a business entity engaged in the business of collecting consumer debts.

41.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

42.     Defendant failed to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

43.     Defendant failed to disclose the information required by 15 U.S.C. § 1692g(a) to Plaintiff within five (5) days of Defendant's initial communication with Plaintiff in connection with the collect of the debt sought in the Collection Letter.

44.     Defendant lacks the statutory right to demand the money sought in the Collection Letter from Plaintiff.

45.     Defendant lacks the contractual right to demand the money sought in the Collection Letter from Plaintiff.

**COUNT 1**
**VIOLATION OF THE DPPA**

46.     Plaintiff incorporates by references ¶¶ 8-45 of this Statement of Claim.

47.     Pursuant to 18 U.S.C.A. § 2721 of the DPPA:

A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:

(1) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section; or

(2) highly restricted personal information, as defined in 18 U.S.C. 2725(4), about any individual obtained by the department in

> connection with a motor vehicle record, without the express consent of the person to whom such information applies, except uses permitted in subsections (b)(1), (b)(4), (b)(6), and (b)(9): *Provided,* That subsection (a)(2) shall not in any way affect the use of organ donation information on an individual's driver's license or affect the administration of organ donation initiatives in the States.

18 U.S.C. § 2721.

48.     The limited exceptions to the prohibition on disclosure do <u>not</u> include parking facilities. *See* 18 U.S.C.A. § 2721.

49.     The limited exceptions to the prohibition on disclosure do <u>not</u> include the dunning of owners of vehicles that have allegedly used a parking facility. *See* 18 U.S.C.A. § 2721.

50.     After the Vehicle entered a parking lot for which Defendant collects debts on behalf of the owner thereof, Defendant obtained Plaintiff's personal information from a state motor vehicle department based on the Vehicle's license plates and  sent one or more letters to Plaintiff seeking payment for Plaintiff's alleged use of the parking lot during the four year period preceding the filing of this Statement of Claim.

51.     In doing so Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information for the purpose of billing the registered owner of the vehicle with complete disregard of the fact that the registered owner was not driving the vehicle in question. Such use is not for a permissible purpose under the DPPA.

52.     Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information for the purpose of demanding payment of inflated and improper alleged parking charges. Such use is not for a permissible purpose under the DPPA.

53.     At the time that Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information, Plaintiff had not provided written consent to Defendant for it to do so.

54.     At the time that Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information there was no civil, criminal, administrative, or arbitral proceeding with respect to Plaintiff with respect to any parking facility.

55.     At the time that Defendant knowingly obtained from one or more state department of motor vehicles Plaintiff's personal information and/or highly restricted personal information there was no threat to Defendant of any litigation from Plaintiff.

56.     Pursuant to 18 U.S.C.A. § 2722, "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title."

57.     Pursuant to 18 U.S.C.A. § 2724, "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court."

58.     As more fully detailed and alleged *supra*, Defendant violated the DPPA by knowingly obtaining, disclosing or using personal information, from a motor vehicle record, for a purpose not permitted under the DPPA.

59.     Defendant's violation of the DPPA damaged Plaintiff.

60.     Pursuant to 18 U.S.C. § 2724 authorizes this Court to award to Plaintiff "(1) actual damages, but not less than liquidated damages in the amount of $2,500; (2) punitive damages upon

proof of willful or reckless disregard of the law; (3) reasonable attorneys' fees and other litigation costs reasonably incurred; and (4) such other preliminary and equitable relief as the court determines to be appropriate."

61.     As more fully alleged *supra*, Defendant's violations of the DPPA were knowingly reckless because Defendant improperly accessed Plaintiff's personal information and/or highly restricted personal information without even knowing whether Plaintiff had actually used the parking lot. In this regard, evidence of a vehicle's entry and exit of a parking does <u>not</u> prove that Plaintiff actually was the operator of the vehicle in question at the time of the alleged use.

62.     Defendant did not take this simple fact into account choosing, instead, to proceed to systematically and improperly access the records maintained by state motor vehicle departments as to Plaintiff so that Defendant could dun them with inflated and outrageous "violation" notices and/or turn them over to other debt collectors for further harassment in support of the parking scam.

63.     Because Defendant has violated the DPPA in a systematically brazen and reckless manner, punitive damages are particularly appropriate in this action to punish Defendant and to deter others from this conduct that is so clearly violative of Plaintiff rights under federal law not to have Plaintiff's motor vehicle records improperly accessed.

64.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff and the following relief:

(a)     Actual damages, but not less than liquidated damages in the amount of $2,500 for each such violation;

(b)     Reasonable attorneys' fees and other litigation costs reasonably incurred; and

(c)     Such other preliminary and equitable relief as the Court determines to be appropriate; and

**Count 2**
**<u>VIOLATION OF THE FDCPA</u>**

65.     Plaintiff incorporates by references ¶¶ 8-45 of this Statement of Claim.

66.     Defendant uses the telephone and mail in a business the principal purpose of which is the collection of any debts *and/or* Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

67.     Defendant regularly collects or attempts to collect debts owed or asserted to be owed to Property Owner.

68.     The debts which Defendant regularly collects or attempts to collect are debts which are past-due and/or otherwise in default.

69.     These debts or alleged debts, including specifically the debt asserted to be owed by Plaintiff at issue in this action, are for transactions that are primarily for personal, family or household purposes.

70.     As such, Defendant is a "debt collector" as defined by the FDCPA.

71.     Section 1692g(a) of the FDCPA requires that a debt collector send the consumer a written notice containing the information set forth under § 1692g(a)(1)-(5) of the FDCPA either within its initial communication with the consumer in connection with the collection of a debt or within five (5) days of the debt collector's initial communication with the consumer in connection with the collection of a debt. *See* 15 U.S.C. § 1692g(a). Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

72.     Here, the Collection Letter represents Defendant's attempt to collect a debt from Plaintiff in connection with the parking lot owned by Property Owner. As a result, Defendant was required to provide Plaintiff with written notice of the information contained under § 1692g(a) of the FDCPA either within the Collection Letter or within five days thereof.

73.    At no point in time, whether prior the Collection Letter, within the Collection Letter, or within five-days of the Collection Letter, did Defendant provide any of the information and/or disclosures required by 1692g(a)(3)-(5) to Plaintiff in connection with the debt Defendant sought to collect from Plaintiff in the Collection Letter.

74.    As such, by failing to provide Plaintiff with sufficient notice of the information contained under § 1692g(a)(3)-(5) of the FDCPA, Defendant violated § 1692g and § 1692e of the FDCPA.

75.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)    Statutory damages as provided under 15 U.S.C. § 1692k;

(b)    Actual damages as provided under 15 U.S.C. § 1692k; and

(c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d)    Any other relief that this Court deems appropriate under the circumstances

DATED: August 20, 2025

Respectfully Submitted,

  /s/ Talal Rashid_____
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:    Talal@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    305-332-6201

*COUNSEL FOR PLAINTIFF*

# EXHIBIT A

PO BOX 5386
Carol Stream, IL 60197

Address Service Requested

SHIRLEY CATHERINE BLASS
6080 SW 16TH TER
MIAMI, FL 33155-2115



## Notice Summary

| License plate | NVSB80 |
|---|---|
| Plate state | FL |
| Amount due | $52.32 |
| Pay by | Upon Receipt |

# PARKING NOTICE

Hi SHIRLEY CATHERINE BLASS,

We're dedicated to making every visit effortless, so you can stay focused on where you need to be. We wanted to bring an unpaid parking amount from your recent visit to your attention.

We ask that payment be completed upon receipt. You can take care of it in just a few steps by scanning the QR code below or visiting www.payments.metropolis.io.

Let us make your next journey remarkable. Learn more about how to elevate your parking experience and avoid future notices by visiting us at https://www.metropolis.io/ or download our app: https://app.metropolis.io/sign-in

Believe you have received this notice in error?  Please contact our customer support team at 775-368-3301 or visit us at www.payments.metropolis.io.

# Parking Details

| Notice Number | Location Address | Parking Fare | Notice Fee | Entry | Exit | Entry | Exit |
|---|---|---|---|---|---|---|---|
| 719-824-399 | 644 NE 2nd Avenue Miami, FL 33132 | $7.07 | $45.25 | 5/12/25 10:34 PM | 5/12/25 11:17 PM | | |

## Scan QR code to pay online



or visit www.payments.metropolis.io

❶ Enter notice number **719-824-399**
or plate number **NVSB80**

❷ Pay with a credit or debit card

THIS INVOICE IS PRIVATELY ISSUED, IS NOT ISSUED BY A GOVERNMENTAL AUTHORITY, AND IS NOT SUBJECT TO CRIMINAL PENALTIES. Metropolis is not a debt collection agency therefore this is not a collection letter for a debt in default. Please note, vehicles that do not satisfy parking notices may be subject to additional fees, referred to a dedicated debt collection agency, incur additional notices, and/or be subject to booting/towing. Please make payment within 30 days of this notice.